**E-Filed 3/16/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EMERSON ELECTRIC CO.,<br><br>　　　　　Defendant. | Case Number C 05-133 JF (HRL)<br><br>ORDER[1] CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>[Re: Doc. No. 28] |

Plaintiff Safeco Insurance Company of America ("Safeco") moves for leave to amend its complaint. Defendant Emerson Electric Company ("Emerson") opposes the motion. The Court has considered the briefing as well as the oral arguments presented at the hearing on March 16, 2007. For the reasons discussed below, the motion will be conditionally granted.

## I. BACKGROUND

In this subrogation action, Safeco seeks to recover damages suffered by its insureds, Irene and Norman Sokoloff. The Sokoloffs had an hot water dispenser manufactured by Emerson installed in their home. In July, 2003, the Sokoloffs discovered significant water and mold

---

[1] This disposition is not designated for publication and may not be cited.

damage that they attributed to a leak in the hot water dispenser.  Safeco paid the Sokoloffs under their homeowner's insurance policy and obtained an assignment of rights with respect to the Sokoloffs' claims against Emerson.

Safeco filed the instant action against Emerson in the Santa Clara Superior Court on November 4, 2004, seeking to recover $192,481.45 in payments made to the Sokoloffs under theories of strict products liability, negligence and breach of warranty.  Emerson removed the action to this Court on January 7, 2005 on the basis of diversity of citizenship.  Safeco's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) itemized these damages as follows:  $175,687.16 for the structure, $5,574.05 for the contents and $11,220.24 for loss of use.[2]

In September 2005, the parties attempted to mediate the action, at which time Safeco made clear that in addition to the damages claimed in the complaint, Safeco was seeking to recover the Sokoloffs' uninsured damages for loss of use of the home in excess of $100,000.  Safeco proffered documentation to Emerson in support of this additional loss of use claim.  Ms. Sokoloff subsequently was deposed regarding all of the claims for damages, including the additional loss of use claim.  However, Safeco never formally amended its complaint to allege the additional loss of use claim.  Safeco seeks leave to make that amendment now.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires."  In deciding whether to grant leave to amend, the Court will consider several factors, including:  (1) undue delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party previously has amended its pleadings.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## III. DISCUSSION

Safeco clearly delayed in seeking leave to amend its complaint to add a claim for the Sokoloffs' uninsured loss of use damages (factor 1).  Safeco attributes its failure to include the

---

[2] Safeco's initial disclosures also identified the Sokoloffs' $1,000 deductible as an item of damages.

claim in the original complaint to the fact that while the Sokoloffs executed assignments encompassing the claim for uninsured loss of use damages prior to the filing of the complaint, Safeco did not actually receive the assignments until two months after the complaint had been filed. It appears that Safeco failed to seek leave to amend thereafter because it was under the impression that the new claim had been disclosed informally in mediation and discovery, i.e., that the parties were on the same page as to what was in play.

Granting the motion would prejudice Emerson to some degree (factor 2). Fact discovery has closed and trial is set for April 23, 2007. While Safeco asserts that no additional discovery is required, Emerson argues that it did not focus its discovery efforts on the Sokoloffs' claim for loss of use, and that it has not retained an expert to address the new loss of use claim. The new claim is for the fair market value of the Sokoloff residence for the twelve months it took for the kitchen repairs. It is undisputed that the Sokoloffs did not actually move out of the home during this period of time, except for three days while their floors were refinished. Emerson argues that it is entitled to conduct fact and expert discovery regarding the validity of the new claim, and that it cannot do so without continuing the trial date. In particular, Emerson asserts that it will need to redepose Ms. Sokoloff and retain an expert to address the new loss of use claim. The Court agrees that Emerson is entitled to conduct additional discovery in the event leave to amend is granted, which would necessitate at least a short continuance of the trial date.

Emerson also argues that the new claim is futile (factor 4) because the assignments upon which Safeco relies do not actually confer standing upon Safeco to pursue the new claim. This argument appears at least potentially meritorious. However, the Court is not prepared to conclude on this record that Safeco lacks standing to pursue the new loss of use claim, and the issue easily can be presented through an appropriate motion in limine.

There is no evidence that Safeco's motion is brought in bad faith (factor 3), and Safeco has not previously amended its complaint (factor 5).

Safeco's motion presents a close question. However, after considering the record as a whole, and in light of the liberality of Rule 15(a), the Court will grant the motion on the condition that Safeco bears the cost of Emerson's redeposition of Ms. Sokoloff. Emerson was

given notice at least a year ago that Safeco intended to pursue the new claim and as a result cannot be wholly surprised at Safeco's motion. However, Safeco did delay in formally amending its pleading to add the new claim and thus should bear at least part of the costs that Emerson will have to incur as a result of the delay. The Court will continue the trial date approximately sixty days, which should give Emerson ample opportunity to redepose Ms. Sokoloff, retain an expert if necessary and challenge Safeco's standing to bring the new claim by appropriate motion.

### IV. ORDER

(1)   Plaintiff's motion for leave to amend is CONDITIONALLY GRANTED as set forth above; and

(2)   The April 23, 2007 trial date is VACATED; trial is RESET for June 25, 2007.

DATED: 3/16/07

_____
JEREMY FOGEL
United States District Judge

1  A copy of this Order was served on the following persons:

3  Stephen Nelson Cole    scole@colenetlaw.com, kbradley@colenetlaw.com

4  Bita Abdollahi Karabian    bak@mjllp.com, calendar@mjllp.com

5  Patrick Mark Mahoney    pmahoney@schiffhardin.com

6  Jeffrey R. Williams    jwilliams@mjllp.com, asl@mjllp.com; calendar@mjllp.com; kmr@mjllp.com

7  Michael John Wise    mwise@colenetlaw.com, kbradley@colenetlaw.com

Case No. C 05-133 JF (HRL)
ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND
(JFLC2)
5