**E-Filed 7/16/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>EMERSON ELECTRIC CO., DOES 1 through 10, Inclusive,<br><br>            Defendants. | Case Number C 05-0133 JF<br><br>ORDER[1] RE MOTIONS IN LIMINE<br><br>[re: docket no. 37, 38, 40, 44] |

## I. BACKGROUND

In this subrogation action, Plaintiff Safeco Insurance Company of America ("Safeco") seeks to recover damages suffered by its insureds, Ilene and Norman Sokoloff. The Sokoloffs had a hot water dispenser manufactured by Emerson Electric Company ("Emerson") installed in their home. In July 2003, the Sokoloffs discovered significant water and mold damage that they attributed to a leak in the hot water dispenser. Safeco paid the Sokoloffs under their

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-0133 JF
ORDER RE MOTIONS IN LIMINE
(JFLC1)

homeowner's insurance policy and obtained an assignment of rights with respect to the Sokoloffs' claims against Emerson.

Safeco filed the instant action against Emerson in the Santa Clara Superior Court on November 4, 2004, seeking recovery under theories of strict products liability, negligence and breach of warranty. Emerson removed the action to this Court on January 7, 2005 on the basis of diversity of citizenship. On March 19, 2007, Safeco filed an amended complaint, seeking further damages for uninsured loss of use of the home. On March 30, 2007, Emerson answered the amended complaint.

The parties move in limine to exclude certain evidence at trial. Opposition has been filed to a subset of the motions in limine. The Court heard oral argument on the opposed motions on July 12, 2007.[2] Those motions will be disposed of as set forth below.

## II.  DISCUSSION

**1.  Motions in Limine Filed by Safeco**

   a.   Second Safeco Motion in Limine

Safeco moves to exclude references to expert testimony or argument based upon the testimony of experts. It argues that expert witness opinion testimony is improper and unnecessary because: (1) Safeco must show only that the product failed to perform as the ordinary consumer would expect when used in an intended and reasonably foreseeable manner; and (2) because Ilene Sokoloff is permitted to testify to the relationship between the benefits of the challenged design and the risks of danger inherent in such design. This argument raises two separate questions: whether Sokoloff may testify as to these questions; and, if so, whether that fact would preclude Emerson from presenting the testimony of its own expert. The first question is the subject of Emerson's second motion in limine and will be discussed below. With respect

---

[2] The Court also heard limited argument regarding Emerson's third motion in limine to exclude evidence regarding the claimed lost rental value of the Sokoloffs' home and furniture. In light of the agreement of counsel at oral argument that the Court need not resolve the unopposed motions at this time, the Court will not adjudicate this motion. However, as it observed at oral argument, the Court notes that it is skeptical that, absent an independent foundation, the homeowner's exception extends as far as testimony regarding the rental value of a home or furniture.

Case No. C 05-0133 JF
ORDER RE MOTIONS IN LIMINE
(JFLC1)

to the second question, Safeco cites no authority indicating that, even if it may present its case without recourse to expert testimony, that fact precludes Emerson from presenting its own expert testimony. As Emerson notes, Safeco does not challenge the qualifications of any expert designated by Emerson. Such an expert may be able to testify as to his or her specialized knowledge regarding subjects including the product design or other potential causes of leakage. Accordingly, the motion will be denied. However, to the extent that Safeco proceeds on a theory that the product failed to do what an ordinary consumer would expect, "expert witnesses may not be used to demonstrate what an ordinary consumer would or should expect." *Soule v. General Motors Corp.*, 8 Cal.4th 548, 567 (1994).

        b.       Third Safeco Motion in Limine

Safeco moves to exclude the testimony of Emerson's employee Terry Snyder on the basis that Snyder was not identified as an expert in Emerson's pretrial discovery or disclosure of expert witnesses. Emerson responds that it does not intend to call Snyder to offer an expert evaluation of the design of the hot water dispenser at issue. Rather, Emerson intends to call Snyder to testify to his role in the development and design of the hot water dispenser. Emerson states that Snyder will be a percipient witness and that his testimony will demonstrate the rigorous and conscientious process that was undertaken by Emerson in designing the hot water dispenser. As Emerson argues, Snyder may offer lay opinions rationally based upon his perceptions. *See* Fed. R. Evid. 701. Accordingly, the motion will be granted to the extent that it seeks to prohibit Snyder from testifying as an expert witness and denied to the extent that it seeks to prohibit Snyder from testifying as a percipient witness and offering permissible lay opinions.

        c.       Fourth Safeco Motion in Limine

Safeco moves to preclude Emerson's expert from testifying as to the necessity of warnings. This motion overlaps with Emerson's motion to exclude testimony as to the absence of warnings. As discussed below, Emerson's motion to exclude evidence as to a failure to warn will be granted to the extent that Safeco seeks to proceed on a failure to warn theory, and denied to the extent that the absence of warnings is relevant to a consumer expectations theory. Because

3

that ruling disposes of the issues presented in this motion,[3] this motion will be denied as moot.

**2.     Motions in Limine Filed by Emerson**

   a.     First Emerson Motion in Limine

Emerson moves to preclude Safeco from presenting any evidence regarding the hot water dispenser because of Safeco's alleged negligent destructive testing of the unit used by the Sokoloffs. Emerson asserts that the two testing services used by Safeco, DPI and BEAR, both mishandled the evidence before it was sent to Emerson. It asserts that DPI exposed the hot water dispenser to excessive pressure and rust, and that BEAR cut a large rectangular hole in the tank cover that permanently altered the stiffness of the cover. Safeco disputes Emerson's assertion that DPI mishandled the evidence, but does not respond to Emerson's contention that BEAR cut a hole in the tank cover. In light of Safeco's failure to respond to the asserted destructive testing performed by BEAR, the Court concludes that such testing rendered Emerson unable to perform relevant tests upon the evidence or to evaluate the results of the tests performed by Safeco's experts. As a result, the Court concludes that the motion should be granted to the extent that it seeks the exclusion of evidence pertaining to testing performed by DPI or BEAR. *See e.g. Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 369 (9th Cir. 1992) (citing *Fire Ins. Exch. v. Zenith Radio Corp.*, 103 Nev. 648 (1987) for the proposition that it is not an abuse of discretion to exclude expert testimony when evidence has been destroyed). However, the motion will be denied to the extent that it seeks to exclude pieces of evidence that are independent of the testing, such as photographs, illustrations, product manuals, or exemplars that are similar to the dispenser at issue.[4]

   b.     Second Emerson Motion in Limine

Emerson moves to preclude Safeco from presenting evidence that the hot water dispenser

---

[3] As discussed above, expert testimony is not permissible as to what a consumer might reasonably expect from a product.

[4] For example, Safeco may introduce photographs of an example hot water dispenser, or of the hot water dispenser before it was removed from under the Sokoloffs' sink, but not photographs of the hot water dispenser after it was tested.

4

at issue in this action was designed defectively. Safeco argues that it may present such evidence in the context of either of the two theories identified by the California Supreme Court in *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413 (1978) (holding that a product is defective in design if "the product fails to perform as safely as an ordinary customer would expect when the product is used as intended or in a reasonably foreseeable manner," or the "benefits of the challenged design do not outweigh the risks of danger inherent in the design"). The first of these theories, the consumer expectation test, "is reserved for cases in which the *everyday experience* of the product's users permits a conclusion that the product's design violated *minimum* safety assumptions, and is thus defective *regardless of expert opinion about the merits of the design*." *Soule v. General Motors Corp.*, 8 Cal.4th 548, 567 (1994) (emphasis in original). The instant action is such a case, as it involves the reasonable expectation, based on everyday experience, that a hot water dispenser will not leak; in other words, it does not involve "obscure components under complex circumstances." *Id.* at 570. Accordingly, the motion will be denied to the extent that it seeks to preclude Safeco from proceeding on the theory that the product was defectively designed because it failed to meet the expectations of ordinary customers.[5] However, the Court also concludes that, in the absence of an identified expert, Safeco may not present testimony as to the risks and benefits of the hot water dispenser's design. Accordingly, Safeco may not proceed on such a theory as an affirmative claim.

Emerson also moves to exclude evidence of a failure to provide warnings. The failure to provide warnings is both a separate theory of strict liability under California law and a manner of establishing the existence of a design defect.[6] Because Safeco did not plead failure to warn in its

---

[5] As discussed below, the Court concludes that Safeco can establish causation through the testimony of Ilene Sokoloff regarding the source of the leak. Accordingly, the Court rejects Emerson's argument that Safeco cannot proceed on a customer expectation theory because of a failure to show causation.

[6] "Under California law, a manufacturer is strictly liable for injuries caused by a product that is (1) defectively manufactured, (2) defectively designed, or (3) distributed without adequate instructions or warnings of its potential for harm. Three methods may be utilized in order to demonstrate a design defect: (1) the consumer expectations test shows that the product failed to perform as safely as an ordinary consumer would expect when it is used in an intended or

5

FAC or identify evidence that a warning would have changed the Sokoloffs' behavior, it may not proceed to trial on an independent failure to warn theory.[7] However, as discussed at oral argument, it may be possible for evidence of an absence of warnings to form part of a reasonable expectations theory. For example, evidence of the absence of a warning as to proper use may be relevant to the requirement, imposed by the reasonable expectations theory, that a product was used in an intended and reasonably foreseeable manner. *See Boeken v. Phillip Morris, Inc.*, 127 Cal.App.4th 1640, 1668 (Cal. Ct. App. 2005). Accordingly, the Court concludes that Safeco should not be barred from presenting evidence of the absence of a warning. However, this ruling is without prejudice to any trial objection by Emerson to ensure that Safeco does not proceed on a implied failure to warn theory.

      c.      Fourth Emerson Motion in Limine

Emerson moves to exclude any evidence that a defect in the hot water dispenser at issue in this action caused or contributed to any of the damages claimed by Safeco. Emerson argues that Safeco has identified no witness who can testify that a leak in the hot water dispenser caused the damage rather than some other cause. Emerson points to the deposition testimony of two field adjusters and one property claims specialist, each of whom testified to his or her ignorance of the cause of the damage. However, as Safeco notes, Ilene Sokoloff testified as follows at her deposition:

> Q.    What did you see when you looked under the island sink?
> A.    We saw it was wet and dirty and it looked like water was dripping from the hot water dispenser. I put my hand in to feel around on everything to see where it was.
> Q.    Do you remember actually seeing the water dripping from the dispenser?

---

reasonably foreseeable manner; (2) the risk-benefit test balances the risk of danger inherent in the challenged design versus the feasibility of a safer design, the cost of a safer design, the gravity of the danger, and the adverse consequences to the product of a safer design; and (3) the failure-to-warn test imposes upon the manufacturer or retailer liability for the failure to warn of known or knowable inherent dangers in the product." *Arnold v. Dow Chemical Co.*, 91 Cal.App.4th 698, 715-16 (Cal. Ct. App. 2001).

    [7] Safeco argued at the hearing that its original form pleading necessarily included a failure to warn theory. However, the FAC superseded that complaint and makes no reference to a failure to warn.

6

```
A.   Yes.
Q.   And do you recall – do you recall how much water was dripping from the
     dispenser?  That's a poorly phrased question.  I was worried about that.
     What were the rate from the drip of the dispenser if you can recall?
A.   I don't know how to quantify rate.
Q.   You said – did you say you felt the dispenser –
A.   I looked at it, I saw it and I felt it.
Q.   And how did you feel it?
A.   Wet.
Q.   What part of the dispenser were you feeling?
A.   Where the wire was coming out was a hole that it came through and the
     water was coming out of there.
Q.   And when you say "wire," are you referring to the cord to plug it in?
A.   Yes.
Q.   And the cord felt wet?
A.   Yes.
```

Cole Decl. Ex. B.  Accordingly, Ilene Sokoloff is competent to testify that water dripped from the hot water dispenser and caused some amount of damage to the floor.  Emerson argues, however, that this does not mean that Ilene Sokoloff can testify to the existence of a defect in the product.  Distinguishing between the observed drip and an alleged leak in the tank, Emerson argues that Ilene Sokoloff has no expertise that would allow her to testify to the cause of the drip.  However, the Court concludes that Ilene Sokoloff may provide lay opinion testimony, rationally based upon her own perception, that the drip came from a leak in the hot water dispenser.  While Safeco may not have presented evidence that rules out the possibility that another water source caused the drip or that a more limited set of repairs could have been performed, such gaps in the evidence are not grounds for granting the instant motion.  Instead, Emerson may attempt to impeach Safeco's evidence and present evidence suggesting an alternative cause of the damage.  Accordingly, the motion will be denied.  This ruling does not relieve Safeco of establishing an adequate foundation for any testimony by its employees as to their observations and analysis of the event underlying this action.  Nor is it with prejudice to any objection that Emerson may make to such testimony at trial, or does it preclude any motion by Emerson at trial based upon the insufficiency of the evidence.

### III.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Safeco's second motion in limine is DENIED.

7

Case No. C 05-0133 JF
ORDER RE MOTIONS IN LIMINE
(JFLC1)

2. Safeco's third motion in limine is GRANTED in part and DENIED in part.

3. Safeco's fourth motion in limine is DENIED as moot.

4. Emerson's first motion in limine is GRANTED in part and DENIED in part.

5. Emerson's second motion in limine is GRANTED in part and DENIED in part.

6. Emerson's fourth motion in limine is DENIED.

DATED: July 16, 2007.

                                                        JEREMY FOGEL
                                                        United States District Judge

Case No. C 05-0133 JF
ORDER RE MOTIONS IN LIMINE
(JFLC1)

1  This Order has been served upon the following persons:

2  Stephen Nelson Cole          scole@colenetlaw.com, kbradley@colenetlaw.com

3  Bita Abdollahi Karabian       bkarabian@schiffhardin.com, calendar@mjllp.com

4  Patrick Mark Mahoney        pmahoney@schiffhardin.com

5  Jeffrey R. Williams            jwilliams@mjllp.com, kmr@mjllp.com, asl@mjllp.com, calendar@mjllp.com

6  Michael John Wise           mwise@colenetlaw.com, kbradley@colenetlaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-0133 JF
ORDER RE MOTIONS IN LIMINE
(JFLC1)