**E-Filed 04/29/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>EMERSON ELECTRIC CO., DOES 1 to 10, Inclusive,<br><br>                    Defendant. | Case Number C-05-00133<br><br>ORDER[1] GRANTING DEFENDANT EMERSON ELECTRIC CO.'S MOTION FOR SANCTIONS DUE TO MISTRIAL<br><br>[re: docket no. 105] |

Defendant Emerson Electric Co. ("Emerson") moves for sanctions in the amount of $20,527.39 against Plaintiff Safeco Insurance Company of America ("Safeco"). Safeco opposes the motion and seeks a reasonable sum for attorney's fees and costs incurred defending the motion. For the reasons stated below, Emerson's motion will be granted, and Safeco's motion will be denied.

## I.  BACKGROUND

On the second day of trial, Safeco called its insured, Ilene Sokoloff ("Mrs. Sokoloff"), as

---

[1] This disposition is not designated for publication and may not be cited.

the final witness in its case-in-chief. Motion at 2. Prior to trial, the Court had granted Emerson's motions in limine to exclude: (1) any reference to Mrs. Sokoloff's husband's illness; and (2) any reference to any prior, unrelated problems with InSinkErator hot water dispensers in the Sokoloff residence. *Id.* In direct contravention of these rulings, Mrs. Sokoloff testified on direct examination regarding an alleged mold-related illness suffered by her husband and about a prior leak in an unrelated hot water dispenser.

In its oral ruling granting Emerson's motion for mistrial, the Court stated the following:

> The ruling on the in limine motion was broad enough to encompass not only a reference to leukemia specifically but a reference to this type of illness generally and certainly **violated the spirit as well as the letter of the in limine**. I think if that were the only part of the testimony that was objectionable, the court nonetheless would not . . . grant the motion, but would simply let the matter rest. However, **it has to be viewed in conjunction with . . . the other violation of an in limine ruling which was much more specific and prejudicial.** The court specifically ruled that there was to be no mention of the fact that a previously installed InSinkErator [hot] water dispenser had leaked prior to the one at . . . issue in this case. . . **It expressly and squarely violated the Court's in limine ruling** and the Court agrees with Mr. Williams that it is prejudicial and there isn't any way to unring the bell without calling even further attention to the . . . fact that another unit made by the same manufacturer and installed by the same installer had . . . leaked.

Transcript at 66-67.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1927, "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2007). An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith." *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). Recklessness suffices to assess Section 1927 sanctions, but bad faith is required for sanctions under the court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001); *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1107-08 (9th Cir. 2002).

1

### III.  DISCUSSION

2 Emerson argues that sanctions are appropriate under 28 U.S.C. § 1927 because Safeco's

3 actions support the "recklessness plus knowledge" finding required to impose sanctions.  Safeco

4 knew that the Court had excluded testimony and evidence regarding Dr. Sokoloff's illness and

5 the unrelated hot water dispenser and in fact had litigated vigorously the in limine order at issue.

6 Emerson contends that in light of this knowledge, Safeco's counsel acted recklessly by seeking a

7 chronology from Mrs. Sokoloff that served no legitimate purpose and created an undue and

8 foreseeable risk of introducing the excluded testimony.

9 In opposition, Safeco contends that sanctions should be imposed only for willful actions,

10 including recklessness *when combined with an additional factor* such as frivolousness,

11 harassment, or an improper purpose.  However, the Ninth Circuit has held that a finding of

12 recklessness and knowing conduct is sufficient to support the imposition of § 1927 sanctions.

13 *B.K.B. v. Maui Police Department*, 276 F.3d at 1107-08; *Fink v. Gomez*, 239 F.3d at 939.

14 Safeco's argument that there was no foreseeable risk in soliciting a factual chronology

15 from Mrs. Sokoloff is unpersuasive.  In light of the Court's explicit restrictions of Mrs.

16 Sokoloff's testimony and the vigor with which such restrictions were litigated before trial,

17 counsel's open-ended questioning, particularly in the absence of apparent attempt by counsel to

18 curtail Mrs. Sokoloff's "inadvertent expansion" of her chronology, was reckless.

19 While the Court has no reason to doubt counsel's representation that he admonished Mrs.

20 Sokoloff not to testify concerning the excluded  matters and thus did not act with subjective bad

21 faith, § 1927 sanctions require only knowledge and recklessness. Moreover, the conduct in

22 question was extremely prejudicial and will require both the parties and the Court to expend

23 significant additional resources in retrying the case.

24

### IV.  ORDER

25 Good cause therefor appearing, IT IS HEREBY ORDERED that Emerson's motion for

26 sanctions in the amount of $20,527.39 is GRANTED. Safeco's cross-motion for sanctions is

27 DENIED.

28

3

1   DATED: April 29, 2008.

2

3                                         _____

4                                         JEREMY FOGEL
                                          United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4

1    This Order has been served upon the following persons:

2    scole@colenetlaw.com

3    mwise@colenetlaw.com
     jwilliams@mjllp.com

4    pmahoney@schiffhardin.com

5    bkarabian@schiffhardin.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-05-0133
ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS
(JFEX1)